**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**LISA DORRIS,**

    **Plaintiff,**

v.

**SUWANEE COUNTY SCHOOL DISTRICT,**

    **Defendant.**
_____/

**CASE NO.:**
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, Lisa Dorris, hereby sues Defendant, Suwanee County School District, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, and 42 U.S.C. 2000e, as amended, its associated damage provisions, and the Age Discrimination in Employment Act (ADEA).

2. This action involves claims which are, individually, more than Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a protected class member due to her gender and age. and because she was retaliated against after reporting or opposing Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendants have been an

"employer" as that term is used under the applicable laws identified above. Defendants were Plaintiff's employers as it relates to these claims.

## CONDITIONS PRECEDENT

5.    Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations and on March 20, 2023, was issued her right to sue notice. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff is a White American-born female born in August 1961. She began her employment with Defendant in 2012. She was last employed in May 2022.

7.    In 2012 she began with Defendant in the position of Culinary Arts Instructor. At the time of her hire, she already had approximately twelve years' of experience in food service. In 2014, two years into her employment with Defendant, she became its Director of Food Services, when the school superintendent approached her and asked if she would like to manage the entire food program, which the superintendent described as involving at least seven restaurants. The then-food service director was retiring, and the superintendent wanted her to take over. Her work for Defendant's food service program had always been exceptional, and that extraordinary performance is reflected in the evaluations she received throughout her employment. That includes the last evaluation she received, which contained no hint of performance or other shortcomings, although the evaluation was certainly the place for Defendant to note deficiencies if any existed.

8.    In March 2022 in March 2022, Plaintiff had called School Superintendent Ted L. Roush from her office, to update him on menus and pictures. Plaintiff was letting him know that

she had posted some pictures on Facebook, specifically on a food service page showing the food options students were getting. Roush responded by saying he needed Plaintiff to come to his office, and so she did. Once Plaintiff arrived, Roush told her he wanted to go in a new direction. Plaintiff said, "Without me?" Roush responded, "Without you." Plaintiff, stunned, asked Roush if he was kidding, and he replied, "Nope." The only other person in the room was Angie Stuckey, the director of the opportunity school. Stuckey had no role in food service and was in Plaintiff's chain of command, above or below. Stuckey sat silent as Roush ended Plaintiff's stellar career.

9. The explanation that the food service program was going in a different direction was false. School food service programs or strictly regulated by the government. They also require potential knowledge, skills, and experience to operate. Plaintiff held numerous certifications associated with the operation of a complicated school food program. In an era where so many students lack proper nutrition, or even food of any kind, a public school food service program is as critical an element of the system as classroom education itself. The food service program Plaintiff oversaw did not go in a different direction, nor could it. The only discernible change with respect to the operation that was of specific and direct impact to students was an announcement in July 2022 that students at certain schools would be served free breakfast and lunch. *See CEP Media Release, July 28, 2022* https://www.suwannee.k12.fl.us/district-news?ID=158B4864-2E8A-4C28-AA25-B8D9C7F3F75E.

10. Plaintiff's replacement is Michael Braun, a male who is also substantially-younger than Plaintiff. Braun's self-authored LinkedIn profile says he took over Plaintiff's position in May 2022, which was Plaintiff's separation date. *See Michael Braun, Food Services*

*Director, SCSD,* https://www.linkedin.com/in/michael-braun-0687536/. According to his own account of his career and life experience, Braun has no prior experience operating a public-school food service program, a private food-service program, or any food service operation. His LinkedIn "About" section lists his experience as teaching history, government, and economics, and in high-rise and government renovations. His self-described LinkedIn employment history lists four positions in the capacity of teacher plus a football position, such as "teacher/coach," "teacher/offensive line coach," and "teacher/assistant head coach." His profile also lists, among other things, several construction jobs and a position as a laundry room manager in New York. The first appearance of anything food-related appears at the top of his LinkedIn profile, where he lists the position that Plaintiff held. Mr. Braun's self-authored Twitter profile (https://twitter.com/CoachBraun72), which he set up in 2010, similarly shows a heavy emphasis on football and football-related interests and makes no meaningful mention of anything associated with food, food service in general, or public school food service programs. His first link to Defendant appears to have been his selection as the Athletic Director for the Suwanee High School Bulldogs, in a 2017 article saying he had been coaching for the twelve years prior to that. *See: Suwanee High Names New Athletic Director,* Dalton Daily Citizen, February 15, 2017, https://www.dailycitizen.news/news/ga_fl_news/suwannee-high-names-new-athletic-director/article_31ad33f1-b0a6-57be-abda-5a8b45399034.html. Apart from lacking pertinent food-service experience, Braun also lacked certifications associated with food service.

11. After Plaintiff's replacement and the retirement of her assistant food service director, Roush chose Jeff Lee, who is both substantially younger than Plaintiff and male as the assistant director; Braun as the director, who is as noted both substantially younger and male. The assistant school superintendent, Malcolm Hines, was also a male, as is Roush. Upon

information and belief, none of them had experience operating a public school food service program, or certifications associated with the operation of a public school food service program, or meaningful experience managing, designing, and overseeing such a program.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## GENDER DISCRIMINATION

13. Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes and Title VII.

15. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

16. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

18. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

19. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

20. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

21. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes and Title VII.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## AGE DISCRIMINATION

23. Paragraphs 1 through 12 are realleged and incorporated herein by reference. The facts supporting Plaintiff's are the same as the facts supporting Plaintiff's age claim.

24. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes and the ADEA.

25. Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

26. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

29. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes and the ADEA.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary

losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff is entitled to injunctive relief under Chapter 760, Florida Statutes and the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein, as well as liquidated damages where applicable;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of May 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF